10-1907-ag
Zhang v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of July, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

YUE RONG ZHANG,

                              *Petitioner*,

            -v-                                    10-1907-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                              *Respondent*.

_____

Appearing for Petitioner:     Gary J. Yerman, New York, NY.

Appearing for Respondent:     Carmel A. Morgan, Trial Attorney, (Shelley R. Goad, Assistant Director, *on the brief*) *for* Tony West, Assistant Attorney General, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Yue Rong Zhang ("Zhang"), a native and citizen of China, seeks review of the decision of the Board of Immigration Appeals ("BIA" or "Board") issued on April 26, 2010, denying her untimely motion to reopen. Zhang had initially been denied asylum and ordered removed by the BIA in August of 2004. In Zhang's untimely motion to reopen her proceedings, Zhang argued that she was eligible for asylum, withholding of removal, and Convention Against Torture ("CAT") relief because of her recent conversion to Christianity, and changed conditions in China showing an increase in persecution against Christians who worship at unregistered churches. The Board found that Zhang had not established changed country conditions sufficient to exempt her motion from the 90-day time limitation on motions to reopen. Zhang timely filed her petition for review to this Court. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In her petition for review, Zhang raises principally two arguments: (1) that the BIA abused its discretion in determining that her motion was time-barred where she demonstrated changed country conditions in China as required under the Immigration and Nationality Act, INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); and (2) that the BIA applied an incorrect standard in assessing her prima facie eligibility for relief for asylum, and that she adequately established her eligibility for relief. We find that the BIA did not abuse its discretion in deciding that Zhang had not submitted evidence of changed country conditions and therefore need not reach the second issue presented.

Zhang initially applied for relief from removal in June of 2002 by submitting an application for asylum, withholding of removal, and relief under the CAT. Zhang alleged that she feared a forcible abortion and future sterilization by the Chinese government, as she was in violation of China's family planning policy by having more than one child. Zhang was denied relief by the Immigration Judge ("IJ") in May of 2003, a decision which was affirmed by the Board without an opinion in August of 2004. Zhang did not file a petition for review of the Board's order.

In September of 2009, over five years after the BIA's final order of removal, Zhang filed a motion to reopen with the BIA. In that motion, Zhang stated that she was eligible for asylum, withholding of removal, and CAT relief because of her recent conversion to Christianity, and the Chinese government's increased persecution of Christians who worship at unregistered churches. Zhang argued that she should be exempted from the 90-day time limit for motions to reopen because she had demonstrated changed conditions in China, with new material that was unavailable at the time of her prior hearing. She also requested the Board to exercise its sua sponte discretion to remand her case to the IJ so that Zhang could pursue her asylum claims.

On April 26, 2010, the BIA denied Zhang's motion to reopen as untimely. The Board noted that in support of her motion, Zhang included an amended asylum application; an affidavit; certificates of marriage, birth, and baptism for her and her family; photographs; letters from pastors and a parishioner from her church; a letter and supportive evidence from her aunt in China, Jinzhen Liu ("Liu"); 2008 reports on China from the Department of State, the Congressional-Executive Commission, and the China Aid Association, and various media reports between 2006 and 2009.

In denying Zhang's motion to reopen, the Board found that the letter "purportedly from"

Zhang's aunt was "notable for its vagueness and lack of relevant details." The Board also stated that the letter was uncorroborated by any evidence of police reports, medical records, or accounts of others. The Board then found that the country conditions evidence Zhang submitted "reflects that China currently allows the practice of Christianity, although there have been reports of the detention and harassment of some leaders of underground, or 'house,' churches." It concluded that Zhang's "practice of religion in the United States reflects a change in her personal circumstances in this country" and that the evidence "does not demonstrate that this is a 'change' from the time of her hearing such that reopening is appropriate." The BIA further stated that Zhang had not satisfied her eligibility for asylum because she "has not shown that the arrest of leaders of underground churches and harassment of church members demonstrates that she will suffer mistreatment amounting to persecution or torture upon her return to China based on her practice of religion." Accordingly, the Board concluded that Zhang had not proven that she was exempted from the time limitation and deemed her motion untimely; it also declined to exercise its sua sponte authority to reopen her proceedings. Zhang timely filed a petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We may find an abuse of discretion "where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). We have held that the BIA's failure to consider "previously unavailable reports that *materially* support" a petitioner's application constitutes an abuse of discretion. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005). Where the BIA has considered relevant evidence of country conditions, our review of the BIA's factual findings is for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

"A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(C)(ii). A motion to reopen proceedings must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, this time limitation does not apply where the applicant establishes both "changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii), and prima facie eligibility for relief, *see Poradisova*, 420 F.3d at 78.

Zhang argues that the Board failed to accurately assess the evidence of country conditions presented. Here, the BIA considered the evidence, provided citations to the record, and concluded that the material submitted by Zhang did not support a finding of changed conditions with regards to China's policy affecting Christians. We have held that "[w]hen an applicant moves to reopen his [or her] case based on worsened country conditions, and introduces previously unavailable reports that *materially* support his [or her] original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative." *Poradisova*, 420 F.3d at 78 (emphasis in original). The BIA satisfied its duty, and declined to find the evidence persuasive of changed conditions. Accordingly, we find that the BIA did not abuse its discretion. *See Jian Hui Shao*,

3

546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.").

Having concluded that there was no change in country conditions, the BIA denied Zhang's motion on the ground that a change in personal conditions is insufficient to excuse an untimely motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). In *Wei Guang Wang*, we held that where petitioner did not supply evidence of changed country conditions, and only presented evidence of changed personal conditions, such a "self-induced change in personal circumstances cannot suffice." *Id.* at 274. Our decision in *Wei Guang Wang* is controlling here, where the Board did not find evidence of changed country conditions. *Id.* ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90-day filing requirement for seeking to reopen removal proceedings."). Accordingly, where the petitioner has not submitted evidence of changed country conditions, no exception to the untimely motion to reopen can be found.[1] Given that we find that the BIA did not abuse its discretion in concluding that there was no evidence of changed country conditions, we need not rule on Zhang's argument that the BIA stated, and thereby applied, a heightened standard in deciding upon her prima facie eligibility for relief.

We have considered Zhang's arguments on appeal, and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We are not presented with the question raised in *Fong Chen v. Mukasey* of "whether a petitioner with both changed personal circumstances and changed country conditions (if indeed changed *country* conditions are found to have occurred) can rely on those changed country conditions to reopen his case, despite an untimely motion, when the underlying change in personal circumstances postdated his [or her] order to depart." 255 F. App'x 573, 577 (2d Cir. 2007) (Summary Order) (emphasis in original). To this date, our circuit has not yet addressed the issue.