10-2255-ag
Weng v. Holder

BIA
A073 679 660

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of May, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        JOSÉ A. CABRANES,
>        ROBERT D. SACK,
>             *Circuit Judges*.

_____

XIAO LIAN WENG,
>        *Petitioner*,

>        v.                                  10-2255-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Lian Weng, a native and citizen of the People's Republic of China, seeks review of a May 11, 2010, order of the BIA denying her motion to reopen. *In re Xiao Lian Weng*, No. A073 676 660 (B.I.A. May 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

## I.   Changed Country Conditions

Here, Weng's motion to reopen was indisputably time-barred as it was filed more than thirteen years after the BIA's dismissal of her appeal of her removal order. *See* 8 U.S.C. § 1229a(c)(7)(C). However, there are no time

2

limitations on motions to reopen if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Weng challenges the BIA's determination regarding changed country conditions, as to the weight it gave to evidence and its determination that conditions had not changed. Contrary to Weng's position, the agency did not abuse its discretion in giving little weight to letters from her friend and relative, as the letters were vague and were not corroborated by evidence such as a police report, medical records, or accounts from church members. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence lies largely within the discretion of the agency).

Nor did the BIA abuse its discretion in analyzing whether Weng established changed country conditions in China. Here, the BIA considered the evidence, provided citations to the record, and concluded that the material submitted by Weng did not support a finding of changed conditions regarding China's policy affecting Christians. We have held that "[w]hen an applicant moves to reopen his

3

case based on worsened country conditions, and introduces previously unavailable reports that *materially* support his original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative." *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir. 2005) (emphasis in original). The BIA satisfied its duty and declined to find the evidence persuasive of changed conditions. Accordingly, we find that the BIA did not abuse its discretion. *See Jian Hui Shao*, 546 F.3d at 171 ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."). This finding is consistent with prior cases before this Court. *See Yue Rong Zhang v. Holder*, 430 Fed. Appx. 33 (2d Cir. 2011). Given that we find that the BIA did not abuse its discretion in concluding that there was no evidence of changed country conditions, we need not rule on Weng's argument that the BIA stated, and thereby applied, a heightened standard in deciding his prima facie eligibility for relief.

We have considered Weng's arguments on appeal and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Any pending request for oral

4

argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b). Any pending motion for a stay of removal in this petition is DISMISSED as moot

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk